1   STEFANI E. SHANBERG (State Bar No. 206717)
2   JENNIFER J. SCHMIDT (State Bar No. 295579)
    MADELEINE E. GREENE (State Bar No. 263120)
3   WILSON SONSINI GOODRICH & ROSATI
    Professional Corporation
    One Market Plaza
4   Spear Tower, Suite 3300
    San Francisco, California  94105
5   Telephone:  (415) 947-2000
    Facsimile:   (415) 947-2099
6   E-Mail:      sshanberg@wsgr.com
                 jschmidt@wsgr.com
7                mgreene@wsgr.com

8   Attorneys for Defendant
    DROPCAM, INC.
9

10                  UNITED STATES DISTRICT COURT

11                  SOUTHERN DISTRICT OF CALIFORNIA

12

| 13 | E.DIGITAL CORPORATION, | Case No. 3:14-cv-01579-BEN-DAB |
|---|---|---|
| 14 | Plaintiff, | **DEFENDANT DROPCAM, INC.'S ANSWER TO COMPLAINT FOR** |
| 15 | v. | **PATENT INFRINGEMENT** |
| 16 | DROPCAM, INC., | **DEMAND FOR JURY TRIAL** |
| 17 | Defendant. | |

18

19       Defendant Dropcam, Inc. ("Dropcam") hereby answers Plaintiff e.Digital

20   Corporation's ("e.Digital") Complaint for Patent Infringement ("Complaint"), on

21   personal knowledge as to its own activities and on information and belief as to the

22   activities of others, as follows:

23                      **NATURE OF THE ACTION**

24       1.       Dropcam admits that the Complaint purports to state a cause of action

25   arising under the patent laws of the United States, Title 35 of the United States

26   Code, and that e.Digital purports to seek a preliminary and permanent injunction

27   and monetary damages for the alleged infringement of U.S. Patent Nos. 8,306,514;

28   8,311,522; 8,311,523; 8,311,524; 8,315,618; and 8,315,619.  Except as expressly

1  admitted, Dropcam denies the allegations contained in paragraph 1 of the

2  Complaint.

3  **JURISDICTION AND VENUE**

4  2.      Dropcam admits that this Court has subject matter jurisdiction over

5  this case for patent infringement pursuant to 28 U.S.C. §§ 1331 and 1338(a).

6  3.      For the purpose of this action only, Dropcam admits that venue is

7  proper in the Southern District of California pursuant to 28 U.S.C. §§ 1391(b) and

8  1400(b).  Dropcam denies that this Court is a convenient venue for this action and

9  seeks transfer to a more convenient forum.  Dropcam lacks knowledge or informa-

10 tion sufficient to form a belief as to the truth of allegations that "Plaintiff e.Digital

11 is headquartered and has its principal place of business in this district, engages in

12 business in this district," and on that basis denies such allegations.  Except as ex-

13 pressly admitted, Dropcam denies the allegations contained in paragraph 3 of the

14 Complaint.

15 4.      For the purpose of this action only, Dropcam does not contest person-

16 al jurisdiction in the Southern District of California.  Except as expressly admitted,

17 Dropcam denies the allegations contained in paragraph 4 of the Complaint.

18 5.      Dropcam admits that certain products are offered for sale at its

19 website https://www.dropcam.com/store.  Except as expressly admitted, Dropcam

20 denies the allegations contained in paragraph 5 of the Complaint.

21 **PARTIES**

22 6.      Dropcam lacks knowledge or information sufficient to form a belief as

23 to the truth of the allegations contained in paragraph 6 of the Complaint, and on

24 that basis denies them.

25 7.      Dropcam admits that it is a corporation organized and existing under

26 the laws of the State of Delaware, with a principal place of business at 301 Howard

27 Street, San Francisco, California 94105.  Except as expressly admitted, Dropcam

28 denies the allegations contained in paragraph 7 of the Complaint.

**THE ACCUSED PRODUCTS**

8. Dropcam admits that the Complaint purports to allege that the "accused products for purposes of the asserted patents include but are not limited to the Dropcam and Dropcam Pro wireless camera systems, which include, without limitation, Defendant's server and subscription services for remote monitoring and communication." Except as expressly admitted, Dropcam denies the allegations contained in paragraph 8 of the Complaint.

9. Dropcam denies the allegations contained in paragraph 9 of the Complaint.

10. Dropcam admits that it provides informational videos and support forums on its website, some of which instruct customers and end-users on how to purchase and set up Dropcam and Dropcam Pro cameras. Except as expressly admitted, Dropcam denies the allegations contained in paragraph 10 of the Complaint.

11. Dropcam denies the allegations contained in paragraph 11 of the Complaint.

**THE ASSERTED PATENTS**

12. Dropcam admits that Exhibit A to the Complaint purports to be a copy of U.S. Patent No. 8,306,514 ("the '514 patent"). Dropcam further admits that, on its face, the '514 patent is entitled "SYSTEM AND METHOD FOR MANAGING MOBILE COMMUNICATIONS," has an issue date of November 6, 2012, and lists Patrick Nunally as named inventor. Dropcam lacks knowledge or information sufficient to form a belief as to the truth of the remaining allegations contained in paragraph 12 of the Complaint, and on that basis denies them.

13. Dropcam admits that Exhibit B to the Complaint purports to be a copy of U.S. Patent No. 8,311,522 ("the '522 patent"). Dropcam further admits that, on its face, the '522 patent is entitled "SYSTEM AND METHOD FOR MANAGING MOBILE COMMUNICATIONS," has an issue date of November 13, 2012, and

1   lists Patrick Nunally as named inventor.  Dropcam lacks knowledge or information

2   sufficient to form a belief as to the truth of the remaining allegations contained in

3   paragraph 13 of the Complaint, and on that basis denies them.

4        14.    Dropcam admits that Exhibit C to the Complaint purports to be a copy

5   of U.S. Patent No. 8,311,523 ("the '523 patent").  Dropcam further admits that, on

6   its face, the '523 patent is entitled "SYSTEM AND METHOD FOR MANAGING

7   MOBILE COMMUNICATIONS," has an issue date of November 13, 2012, and

8   lists Patrick Nunally as named inventor.  Dropcam lacks knowledge or information

9   sufficient to form a belief as to the truth of the remaining allegations contained in

10  paragraph 14 of the Complaint, and on that basis denies them.

11       15.    Dropcam admits that Exhibit D to the Complaint purports to be a copy

12  of U.S. Patent No. 8,311,524 ("the '524 patent").  Dropcam further admits that, on

13  its face, the '524 patent is entitled "SYSTEM AND METHOD FOR MANAGING

14  MOBILE COMMUNICATIONS," has an issue date of November 13, 2012, and

15  lists Patrick Nunally as named inventor.  Dropcam lacks knowledge or information

16  sufficient to form a belief as to the truth of the remaining allegations contained in

17  paragraph 15 of the Complaint, and on that basis denies them.

18       16.    Dropcam admits that Exhibit E to the Complaint purports to be a copy

19  of U.S. Patent No. 8,315,618 ("the '618 patent").  Dropcam further admits that, on

20  its face, the '618 patent is entitled "SYSTEM AND METHOD FOR MANAGING

21  MOBILE COMMUNICATIONS," has an issue date of November 20, 2012, and

22  lists Patrick Nunally as named inventor.  Dropcam lacks knowledge or information

23  sufficient to form a belief as to the truth of the remaining allegations contained in

24  paragraph 16 of the Complaint, and on that basis denies them.

25       17.    Dropcam admits that Exhibit F to the Complaint purports to be a copy

26  of U.S. Patent No. 8,315,619 ("the '619 patent").  Dropcam further admits that, on

27  its face, the '619 patent is entitled "SYSTEM AND METHOD FOR MANAGING

28  MOBILE COMMUNICATIONS," has an issue date of November 20, 2012, and

lists Patrick Nunally as named inventor.  Dropcam lacks knowledge or information sufficient to form a belief as to the truth of the remaining allegations contained in paragraph 17 of the Complaint, and on that basis denies them.

**ANSWER TO COUNT ONE**

**<u>ALLEGED INFRINGEMENT OF THE '514 PATENT</u>**

18.    Dropcam incorporates and realleges paragraphs 1-17 of its Answer as if fully set forth herein in response to the allegations contained in paragraph 18 of the Complaint.

19.    Dropcam denies the allegations contained in paragraph 19 of the Complaint.

20.    Dropcam denies the allegations contained in paragraph 20 of the Complaint.

21.    Dropcam denies the allegations contained in paragraph 21 of the Complaint.

22.    Dropcam denies the allegations contained in paragraph 22 of the Complaint.

23.    Dropcam denies the allegations contained in paragraph 23 of the Complaint.

24.    Dropcam denies the allegations contained in paragraph 24 of the Complaint.

25.    Dropcam denies the allegations contained in paragraph 25 of the Complaint.

26.    Dropcam denies the allegations contained in paragraph 26 of the Complaint.

/ / /

/ / /

/ / /

/ / /

1

2

**ANSWER TO COUNT TWO**

**ALLEGED INFRINGEMENT OF THE '522 PATENT**

3    27.    Dropcam incorporates and realleges paragraphs 1-17 of its Answer as

4  if fully set forth herein in response to the allegations contained in paragraph 27 of

5  the Complaint.

6    28.    Dropcam denies the allegations contained in paragraph 28 of the

7  Complaint.

8    29.    Dropcam denies the allegations contained in paragraph 29 of the

9  Complaint.

10    30.    Dropcam denies the allegations contained in paragraph 30 of the

11  Complaint.

12    31.    Dropcam denies the allegations contained in paragraph 31 of the

13  Complaint.

14    32.    Dropcam denies the allegations contained in paragraph 32 of the

15  Complaint.

16    33.    Dropcam denies the allegations contained in paragraph 33 of the

17  Complaint.

18    34.    Dropcam denies the allegations contained in paragraph 34 of the

19  Complaint.

20    35.    Dropcam denies the allegations contained in paragraph 35 of the

21  Complaint.

22

23

**ANSWER TO COUNT THREE**

**ALLEGED INFRINGEMENT OF THE '523 PATENT**

24    36.    Dropcam incorporates and realleges paragraphs 1-17 of its Answer as

25  if fully set forth herein in response to the allegations contained in paragraph 36 of

26  the Complaint.

27    37.    Dropcam denies the allegations contained in paragraph 37 of the

28  Complaint.

38.     Dropcam denies the allegations contained in paragraph 38 of the Complaint.

39.     Dropcam denies the allegations contained in paragraph 39 of the Complaint.

40.     Dropcam denies the allegations contained in paragraph 40 of the Complaint.

41.     Dropcam denies the allegations contained in paragraph 41 of the Complaint.

42.     Dropcam denies the allegations contained in paragraph 42 of the Complaint.

43.     Dropcam denies the allegations contained in paragraph 43 of the Complaint.

44.     Dropcam denies the allegations contained in paragraph 44 of the Complaint.

## ANSWER TO COUNT FOUR

## ALLEGED INFRINGEMENT OF THE '524 PATENT

45.     Dropcam incorporates and realleges paragraphs 1-17 of its Answer as if fully set forth herein in response to the allegations contained in paragraph 45 of the Complaint.

46.     Dropcam denies the allegations contained in paragraph 46 of the Complaint.

47.     Dropcam denies the allegations contained in paragraph 47 of the Complaint.

48.     Dropcam denies the allegations contained in paragraph 48 of the Complaint.

49.     Dropcam denies the allegations contained in paragraph 49 of the Complaint.

/ / /

50.   Dropcam denies the allegations contained in paragraph 50 of the Complaint.

51.   Dropcam denies the allegations contained in paragraph 51 of the Complaint.

52.   Dropcam denies the allegations contained in paragraph 52 of the Complaint.

53.   Dropcam denies the allegations contained in paragraph 53 of the Complaint.

## ANSWER TO COUNT FIVE

## ALLEGED INFRINGEMENT OF THE '618 PATENT

54.   Dropcam incorporates and realleges paragraphs 1-17 of its Answer as if fully set forth herein in response to the allegations contained in paragraph 54 of the Complaint.

55.   Dropcam denies the allegations contained in paragraph 55 of the Complaint.

56.   Dropcam denies the allegations contained in paragraph 56 of the Complaint.

57.   Dropcam denies the allegations contained in paragraph 57 of the Complaint.

58.   Dropcam denies the allegations contained in paragraph 58 of the Complaint.

59.   Dropcam denies the allegations contained in paragraph 59 of the Complaint.

60.   Dropcam denies the allegations contained in paragraph 60 of the Complaint.

61.   Dropcam denies the allegations contained in paragraph 61 of the Complaint.

/ / /

62. Dropcam denies the allegations contained in paragraph 62 of the Complaint.

## ANSWER TO COUNT SIX
## ALLEGED INFRINGEMENT OF THE '619 PATENT

63. Dropcam incorporates and realleges paragraphs 1-17 of its Answer as if fully set forth herein in response to the allegations contained in paragraph 63 of the Complaint.

64. Dropcam denies the allegations contained in paragraph 64 of the Complaint.

65. Dropcam denies the allegations contained in paragraph 65 of the Complaint.

66. Dropcam denies the allegations contained in paragraph 66 of the Complaint.

67. Dropcam denies the allegations contained in paragraph 67 of the Complaint.

68. Dropcam denies the allegations contained in paragraph 68 of the Complaint.

69. Dropcam denies the allegations contained in paragraph 69 of the Complaint.

70. Dropcam denies the allegations contained in paragraph 70 of the Complaint.

71. Dropcam denies the allegations contained in paragraph 71 of the Complaint.

## PRAYER FOR RELIEF

Paragraphs 1-6 set forth the statement of relief requested by e.Digital to which no response is required. To the extent a response is required, Dropcam denies any and all allegations contained in the remainder of the Complaint and denies that e.Digital is entitled to any of the relief requested in paragraphs 1-6 of

1    its prayer for relief or to any other relief in any form whatsoever.  Dropcam further

2    denies each and every allegation contained in the Complaint to which it has not

3    specifically responded.

4                    **DEMAND FOR JURY TRIAL**

5          e.Digital's demand for a jury trial does not state any allegation against

6    Dropcam to which a response is required.  To the extent that any allegations are

7    included in the demand, Dropcam denies such allegations.

8                    **AFFIRMATIVE DEFENSES**

9          Subject to the foregoing responses, Dropcam alleges and asserts the follow-

10   ing defenses in response to the allegations, undertaking the burden of proof only as

11   to those defenses deemed affirmative defenses by law, regardless of how such

12   defenses are denominated herein.  In addition to the affirmative defenses described

13   below, Dropcam specifically reserves all rights to allege additional affirmative

14   defenses that become known through the course of discovery.

15                   **FIRST AFFIRMATIVE DEFENSE**

16         e.Digital's Complaint fails to state a claim upon which relief may be

17   granted.

18                   **SECOND AFFIRMATIVE DEFENSE**

19         Dropcam has not infringed, contributed to the infringement of, or induced

20   others to infringe, any claim of the '514, '522, '523, '524, '618, and/or '619

21   patents, directly or indirectly, literally or by equivalents, at least because the

22   accused Dropcam products do not "automatically provide differing levels of

23   information according to a predetermined social hierarchy."  In addition, to the

24   extent that e.Digital alleges that Dropcam indirectly infringes the '514, '522, '523,

25   '524, '618, and/or '619 patents, Dropcam has at all relevant times believed in good

26   faith that the use of the accused Dropcam products does not infringe any claim of

27   the '514, '522, '523, '524, '618, and/or '619 patents, and that the asserted claims

28   of the '514, '522, '523, '524, '618, and/or '619 patents are invalid, thus negating at

1   least the "specific intent" element of such claims.  To the extent that e.Digital

2   alleges that Dropcam contributes to the infringement of the '514, '522, '523, '524,

3   '618, and/or '619 patents, these claims are further barred, in whole or in part, under

4   35 U.S.C. § 271(c), in view of the substantial non-infringing uses of Dropcam's

5   alleged infringing products.  Dropcam has engaged in all relevant activities in good

6   faith, thereby precluding e.Digital, even if it were to prevail, from recovering

7   enhanced damages for willful infringement under 35 U.S.C. § 284, or recovering

8   its attorneys' fees and/or costs under 35 U.S.C. § 285.

9                          **THIRD AFFIRMATIVE DEFENSE**

10          The claims of the '514, '522, '523, '524, '618, and/or '619 patents are

11  invalid for failure to comply with one or more of the requirements of 35 U.S.C.

12  §§ 101, 102, 103, and/or 112.  For example, the '514, '522, '523, '524, '618,

13  and/or '619 patents are invalid in view of U.S. Patent No. 5,499,196, filed on

14  October 19, 1993, which claims a sensor interface for a computer-based notifica-

15  tion system.

16                         **FOURTH AFFIRMATIVE DEFENSE**

17          By reason of proceedings in the United States Patent and Trademark Office,

18  and by reasons of amendments, disclaimers, disavowals, admissions, representa-

19  tions, arguments, and/or statements made by the applicants or on their behalf,

20  e.Digital is estopped from construing the claims of the '514, '522, '523, '524, '618,

21  and/or '619 patents to cover and/or include any acts of Dropcam.

22                          **FIFTH AFFIRMATIVE DEFENSE**

23          Dropcam is informed and believes, and thereon alleges, that e.Digital may

24  not claim pre-lawsuit damages, in whole or in part, for failure to comply with 35

25  U.S.C. § 287.

26                          **SIXTH AFFIRMATIVE DEFENSE**

27          e.Digital's claims for relief and prayer for damages are barred by the

28  equitable doctrines of laches, waiver, and/or estoppel.

1

2

3

4

5

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

## SEVENTH AFFIRMATIVE DEFENSE

e.Digital has failed to state facts and/or a legal basis sufficient to permit the Court to grant equitable or injunctive relief against Dropcam.

## RESERVATION OF ADDITIONAL AFFIRMATIVE DEFENSES

Dropcam reserves all defenses under the Federal Rules of Civil Procedure, the Patent Laws of the United States, and any other defenses, at law or in equity, that may now exist or in the future be available based on discovery and further factual investigation in this case.

Dated:  August 12, 2014

WILSON SONSINI GOODRICH & ROSATI
Professional Corporation

By:_____*/s/ Stefani E. Shanberg*_____
          Stefani E. Shanberg

Attorneys for Defendant
DROPCAM, INC.

14cv01579

1

## CERTIFICATE OF SERVICE

2          I hereby certify that on August 12, 2014, Defendant Dropcam, Inc.'s Answer

3    to Complaint for Patent Infringement and Demand for Jury Trial was filed elec-

4    tronically using the Court's CM/ECF system.  Notice of this filing will be sent to

5    all parties by operation of the Court's electronic filing system or by first class mail

6    to anyone unable to accept electronic filing, as indicated on the Notice of

7    Electronic Filing.

8

9                                                      /s/ *Stefani E. Shanberg*
                                                      Stefani E. Shanberg
10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28