UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| E.DIGITAL CORPORATION,<br><br>Plaintiff,<br><br>v.<br><br>DROPCAM, INC.,<br><br>Defendant. | Case No. 14-cv-04922-JST<br><br>**ORDER GRANTING MOTION FOR STAY PENDING INTER PARTES REVIEW**<br><br>Re: ECF No. 83 |

Before the Court is Defendant Dropcam, Inc.'s Motion for Stay Pending Inter Partes Review. ECF No. 83. For the reasons stated below, the Court will grant the motion.

## I. BACKGROUND

### A. Factual History

Plaintiff e.Digital Corporation ("e.Digital") has asserted patent infringement claims against Defendant Dropcam, Inc. ("Dropcam"). See ECF No. 1. Plaintiff asserts claims based on six patents, all of which are titled "System and Method for Managing Mobile Communications," and all of which were issued in November 2012. Id. at ¶¶ 12-17. The six asserted patents are U.S. Parents Nos. 8,306,514 ("'514 patent"); 8,311,522 ("'522 patent"); 8,311,523 ("'523 patent"); 8,311,524 ("'524 patent"); 8,315,618 ("'618 patent"); 8,315,619 ("'619 patent"). Id. The accused products "include but are not limited to the Dropcam and Dropcam Pro wireless camera systems, which include, without limitation, Defendant's server and subscription services for remote monitoring and communication." Id. at 8.

Plaintiff filed its complaint on July 1, 2014 in the Southern District of California, ECF No. 1, and the case was transferred to this Court on November 4, 2014. ECF No. 34. The Court conducted a claim construction hearing on August 3, 2015, ECF No. 73, and issued a Claim Construction Order on November 30, 2015, ECF No. 78. In their most recent Case Management

Statement filed with the Court on December 30, 2015, the parties state that they have engaged in written discovery. ECF No. 80 at 3. Both parties have served a first set of requests for production of documents and interrogatories, and have received responses and objections. Id. The parties "anticipate that further discovery may include additional written discovery, source code review, and depositions." Id.

Dropcam states in its motion that on June 24, 2015, it filed petitions for *inter partes review* ("IPR") of all claims asserted by e.Digital in its six patents. ECF No. 83 at 8; see also Declaration of Stefani E. Shanberg ("Shanberg Decl."), ECF No. 83-1 at ¶ 9. On December 21, 2015, the Patent Trial and Appeal Board ("PTAB") issued decisions instituting IPR regarding four of the six patents: the '523, '524, '618, and '619 patents. Id.; see also Shanberg Decl. ¶ 10. The following day, the PTAB instituted IPR regarding the remaining two patents, the '522 and '514 patents. Id.; see also Shanberg Decl. ¶ 11.

Dropcam filed its motion for stay on January 12, 2016. ECF No. 83. e.Digital opposes the motion. ECF No. 84.

**B.     IPR Review**

Pursuant to the Leahy-Smith America Invents Act ("AIA"), Pub. L. 112-29, Sept. 16, 2011, 125 Stat 284, any "person who is not the owner of a patent may file with the [PTO] a petition to institute an *inter partes* review of the patent." 35 U.S.C. § 311(a). IPR petitioners "may request to cancel as unpatentable 1 or more claims of a patent only on a ground that could be raised under [35 U.S.C.] section 102 or 103 and only on the basis of prior art consisting of patents or printed publications." 35 U.S.C. § 311(b).

Pursuant to the AIA's goal "to establish a more efficient and streamlined patent system that will improve patent quality and limit unnecessary and counterproductive litigation costs," the IPR process was developed "to create a timely, cost-effective alternative to litigation." Changes to Implement *Inter Partes* Review Proceedings, Post–Grant Review Proceedings, and Transitional Program for Covered Business Method Patents, 77 Fed. Reg. 48680-01, at *48680 (Aug. 14, 2012) (codified at 37 C.F.R. §§ 42.100, *et seq.*). An IPR trial may not be instituted if the petitioner files a petition more than one year after it was served with a complaint alleging

infringement of the patent.  35 U.S.C. § 315(b).

In order to institute an IPR trial, the PTO must determine that the petition presents "a reasonable likelihood that the petitioner would prevail with respect to at least 1 of the claims challenged in the petition," 35 U.S.C. § 314(a), which is a "more stringent [requirement] than the previous 'substantial new question of patentability' standard." Universal Electronics, Inc. v. Universal Remote Control, Inc., 943 F. Supp. 2d 1028, 1030 (C.D. Cal. 2013).  The petitioner then has the burden of establishing lack of patentability by a preponderance of the evidence.  35 U.S.C. § 316(e).  A dissatisfied party may appeal the final written decision of the Patent Trial and Appeal Board to the Federal Circuit Court of Appeals.  35 U.S.C. § 141.

## II.   LEGAL STANDARD

"Courts have inherent power to manage their dockets and stay proceedings, including the authority to order a stay pending conclusion of a PTO reexamination." Ethicon, Inc. v. Quigg, 849 F.2d 1422, 1426-27 (Fed. Cir. 1988) (internal citations omitted).  In determining whether to stay a case pending review by the PTO, courts consider the following factors: (1) whether discovery in the case is complete and whether a trial date has been set; (2) whether a stay would simplify the issues in question and trial of the case; and (3) whether a stay would unduly prejudice or present a clear tactical disadvantage to the non-moving party. Cygnus Telecomms. Tech., LLC, Patent Litig., 285 F. Supp. 2d 1022, 1023 (N.D. Cal. 2005); see also Universal Elecs., Inc. v. Universal Remote Control, Inc., 943 F. Supp. 2d 1028, 1030-31 (C.D. Cal. 2013) (applying the framework applicable to motions to stay pending reexamination by the PTO to motions to stay pending the newer *inter partes* review process).  While case law supplies these general considerations, the Court ultimately must decide whether to issue a stay on a case-by-case basis. Asetek Holdings, Inc. v. Cooler Master Co., Ltd., No. 13-cv-00457-JST, 2014 WL 1350813, at *1 (N.D. Cal. Apr. 3, 2014).

## III.   DISCUSSION

As discussed below, the Court concludes that the first factor is neutral and the second and third factors weigh in favor of granting the stay.

### A. Stage of Proceedings

The first factor asks the Court to consider the progress already made in the case, such as the completion of discovery, the setting of a trial date, or whether claim construction has occurred. Universal Elecs., Inc. v. Universal Remote Control, Inc., 943 F. Supp. 2d 1028, 1031 (C.D. Cal. 2013).

Dropcam states that the parties have only engaged in "minimal written discovery" — each party has served and responded to a first set of production requests and interrogatories — while "no confidential documents have been produced, no source code has been inspected, no depositions have been scheduled or taken, and no expert discovery has been conducted." ECF No. 83 at 9. e.Digital has a different view. It acknowledges that no depositions or source code reviews have taken place, but states that "such discovery would be merely the final stages of discovery," and contends that "the bulk of written discovery has already taken place." ECF No. 84 at 4. Dropcam notes, however, that this portrayal appears to contradict the position taken by e.Digital in the parties' joint case management statement, filed just twenty-seven days before e.Digital filed its opposition to this motion. See Reply, ECF No. 85 at 3; Further Joint Case Management Statement, ECF No. 80 at 3 (stating that "Dropcam has produced relatively little in the way of technical documentation" and that "[i]t is e.Digital's position that Dropcam's proposed schedule leaves too little time" for the remaining discovery to be completed).

On the other hand, the Court has already conducted a claim construction hearing and issued its order on that hearing. See Universal Elecs., 943 F. Supp. 2d at 1031 (noting the relevance of a claim construction hearing and order, and that "[t]he Court's expenditure of resources is an important factor in evaluating the stage of the proceedings."). e.Digital also notes that the Court has set a trial date, although it did so less than a week before a motion to stay was filed, and scheduled it to begin on a date nearly a year away. See Scheduling Order, ECF No. 82.[1]

---

[1] e.Digital cites to Trover Group, Inc. v. Dedicated Micros USA, No. 2:13-CV-1047-WCB, 2015 WL 1069179 at *3 (E.D. Tex., Mar. 11, 2015), for the proposition that a stay is not justified because the PTAB would likely issue its decision on the IPR proceedings "before the parties begin the most intensive period of pretrial preparation." ECF No. 84 at 4. However, in Trover Group, and unlike here, the PTAB had not yet instituted IPR proceedings. Trover Group, 2015 WL 1069179 at *3. Thus, the Trover Group court was considering whether to stay litigation to wait

4

In light of these facts, the Court concludes this factor is neutral. While the stage of discovery tilts in favor of Dropcam, the completion of a claim construction hearing and order tilts in favor of e.Digital.

### B.     Simplification of Issues

The next factor asks the Court to examine whether and to what degree a stay will simplify the litigation. PersonalWeb Techs., LLC v. Facebook, Inc., No. 5:13-CV-01356-EJD, 2014 WL 116340 at *4 (N.D. Cal. Jan 13, 2014). Dropcam asserts several points in favor of a stay. It argues that "there is complete overlap between the patent claims asserted in this litigation and the patent claims that will be reviewed by the PTAB during the IPR proceedings." ECF No. 83 at 10. "Further, no cause of action remains on claims that were cancelled during a reexamination which proceeded in concurrent litigation," and "[e]ven mere modification of any of the asserted claims would simplify the case because any modified claims will necessarily be narrower in scope." Id. at 11-12. Finally, it asserts that even if additional litigation occurs, it "will benefit from the PTAB's particular expertise and the record of IPRs of the asserted patents." Id. at 12.

e.Digital responds that these points are speculative because it is unclear what the final results of the IPR proceedings will be, and whether the PTAB will act on any of the challenged patents. "[T]he fact that the PTAB has granted the Dropcam petitions," its brief contends, "does not warrant a conclusion that any of the claims will ultimately be deemed invalid." ECF No. 84 at 6. "Further, absent invalidation of all of the challenged claims, the PTAB's final decision will only address a limited number of matters at issue in this case." Id. e.Digital cites to Rennsalaer Polytechnic Inst. v. Apple Inc., No. 1:13-CV-0633 (DEP), 2014 WL 201965 at *7 (N.D.N.Y. Jan. 15, 2014), in support. However, as Dropcam notes, Rennsalear considered a different set of facts, in part because the IPR petitions in that case were still pending before the PTAB. See id. at *7 ("The PTO has yet to issue an initial determination regarding whether to institute an IPR trial.").

Here, by contrast, the PTAB has instituted IPR proceedings on all asserted patents in the case, which is an indication that it has found "a reasonable likelihood that the petitioner would

---

for the PTAB to rule on the IPR petitions, not on the IPR proceedings themselves.

prevail with respect to at least 1 of the claims challenged in the petition." 35 U.S.C. § 314(a). e.Digital has not offered a persuasive response to Dropcam's arguments that there is significant overlap between the patents and claims at issue in this litigation and at issue in the IPR proceedings. Accordingly, the Court concludes this factor favors a stay.

### C. Prejudice to Non-Moving Party

In weighing the prejudice to the non-moving party, courts consider four sub-factors: "(1) the timing of the petition for review; (2) the timing of the request for the stay; (3) the status of review proceedings; and (4) the relationship of the parties." Cypress Semiconductor Corp. v. GSI Tech., Inc., No. 13-cv-02013-JST, 2014 WL 5021100 at *3 (N.D. Cal. Oct. 7, 2014).

The Court first considers the timing of the petition for review and request for stay. As noted above, e.Digital filed its complaint on July 1, 2014. Dropcam filed its IPR petitions on June 24, 2015. The PTAB issued its decisions on the final two IPR petitions on December 22, 2015, and Dropcam filed this motion for stay on January 12, 2016. Thus, Dropcam's petition for review was filed just under a year after e.Digital filed its complaint, and it filed its request for stay three weeks after all of its IPR petitions had received determinations.

e.Digital argues that Dropcam's decision to wait for almost a year to file its IPR petitions will "unduly prejudice" e.Digital. ECF No. 84 at 5. Courts have taken note of a movant's decision to wait until the end of the one-year statutory period to file its IPR petitions, see Evolutionary Intelligence, LLC v. Apple, Inc. No. C 13-04201 WHA, 2014 WL 93954, at *4 (N.D. Cal. Jan. 9, 2014) (stating that Apple "did not have to wait until the last day of the statutory period" to file its IPR petitions, but nevertheless granting Apple's requested stay), and this Court likewise notes Dropcam's decision to do so here. However, e.Digital does not identify any specific prejudice that will occurred or has occurred as a result. The Court further notes that Dropcam promptly filed its request for stay upon receiving the PTAB's decisions regarding its petitions.

The next subfactor is the status of the IPR proceedings. The parties agree that oral argument in the IPR petitions will occur in September and that the PTAB should deliver its decisions by December of 2016, absent an extension for good cause. e.Digital argues that this

1  delay causes prejudice because it "faces a risk of loss of documentary and testimonial evidence
2  during the pendency of a year to one-and-a-half year period of the stay." However, it identifies no
3  specific evidence or testimony that it believes is at risk of becoming unavailable. "Speculation
4  that evidence will be lost, without more, is insufficient to demonstrate undue prejudice."
5  Evolutionary Intelligence, LLC v. Millennial Media, No. 5:13-cv-04206-EJD, 2014 WL 2738501,
6  *6 (N.D. Cal. June 11, 2014); see also Software Rights Archive, LLC v. Facebook, Inc., No. C-12-
7  3970 RMW, 2013 WL 5225522, at *5 (N.D. Cal. Sept. 17, 2013) ("Delay alone, without specific
8  examples of prejudice resulting therefrom, is insufficient to establish *undue* prejudice.").

9  Finally, in regards to the relationship of the parties, Dropcam argues that e.Digital is "a
10  patent assertion entity that does not compete with Dropcam," and therefore "any harm from the
11  alleged continued infringement can be compensated by monetary damages." ECF No. 83 at 13-
12  14. It also notes that e.Digital itself "waited nearly two years after issuance of the asserted patents
13  and launch of the accused Dropcam product, further suggesting that there can be no undue
14  prejudice." Id. e.Digital does not dispute these factual assertions.

15  Considering these four subfactors in total, the Court concludes that e.Digital will not be
16  prejudiced by a stay. Accordingly, this factor weighs in favor of a stay. Because the first factor
17  weighs for neither party and the second two factors weigh in favor of Dropcam, the Court grants
18  Dropcam's motion for a stay pending IPR proceedings.

## CONCLUSION

20  For the foregoing reasons, the Motion for Stay Pending Inter Partes Review is granted. All
21  pending deadlines established in the Court's January 6, 2016 Scheduling Order are stayed.

22  The Court sets a Case Management Conference for January 18, 2017. Within 14 days of
23  the PTAB's issuance of its decisions regarding the IPR proceedings, the parties shall file a notice
24  informing the Court of the result of those proceedings. Upon doing so, the parties may request
25  / / /
26  / / /
27  / / /
28  / / /

that the January 18, 2017 Case Management Conference be vacated or rescheduled.  If no decision from the PTAB has been forthcoming by January 4, 2017, the parties may request that the conference be continued.

**IT IS SO ORDERED.**

Dated:  February 18, 2016

_____
JON S. TIGAR
United States District Judge